IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DALE MAISANO,                        )
                                     )
    Plaintiff,                       )
                                     )
v.                                   )   No. 3:13-cv-1343
                                     )
NURSE PRACTITIONER JOHN              )   Chief Judge Haynes
MODRZEJEWSKI et al.,                 )
                                     )
    Defendants.                      )

## ORDER

Before the Court are a *pro se* complaint (Docket Entry No. 1) and an application to proceed *in forma pauperis* (Docket Entry No. 2) filed by Plaintiff, Dale Maisano.

As an initial matter, the Court finds that Maisano, an exceptionally litigious prisoner, has substantially complied with the restraining order entered against him on August 11, 1992 by Senior United States District Judge Stephen M. McNamee, *see Maisano v. Lewis*, CIV 92 1026 PHX SMM (MS) (D. Ariz. Aug. 11, 1992) (Order and Restraining Order). However, Plaintiff's representation, in his Application Pursuant to Court Order Seeking Leave to File, that the claim or claims presented here are "new and have never been raised or disposed of on the merits by any federal court" (Docket Entry No. 1-1 at 97) is demonstrably untrue. Plaintiff has filed dozens of cases concerning prison officials' alleged failure to provide him a non-allergenic diet. The Court will nonetheless provisionally permit the present filing and will address the *in forma pauperis* application and the factual allegations in the Complaint.

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the civil filing fee required

by 28 U.S.C. § 1914(a). Maisano submitted a completed and properly supported application to proceed *in forma pauperis*[1] that shows that he is financially eligible to proceed as a pauper. However, Plaintiff Dale Maisano has filed dozens—if not hundreds—of cases that have previously been dismissed for failure to state a claim or for frivolity. The effect of the PLRA was to implement "constraints designed to prevent sportive filings in federal court." *Skinner v. Switzer*, 131 S. Ct. 1289, 1299 (2011). The PLRA provides that a prisoner who would otherwise be qualified to proceed *in forma pauperis* is not eligible to do so if he has,

> on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it [was] frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). In other words, a prisoner-plaintiff who meets this standard—that is, who has "three strikes"—while not precluded from filing a civil lawsuit in federal court, may not do so at taxpayer expense unless he is under "imminent danger of serious physical injury." *Id.*

Maisano seeks to avoid the application of § 1915(g) by asserting that he is under imminent danger of serious physical injury. In support of that claim, Maisano asserts that he has been experiencing numerous physical problems that he associates with his diet, including head sores and a rash on his hands and arms; his "gut hurts" and he feels ill each time he eats. (Docket Entry No. 1, at 4.) He also alleges breathing problems and that his "blood pressure will sky rocket" any time he eats a soy product. (*Id.*) He was promised a medical allergy diet in August 2013, but has never received the diet he is supposed to receive. He alleges that being fed the food

---

[1] The *in forma pauperis* application is outdated: It was signed and notarized on July 1, 2013. (Docket Entry No. 2, at 2.) However, the Certified Statement of Account showing $0.00 balance for the past six months in Plaintiff's prison trust account is dated October 17, 2013. (Docket Entry No. 1-1, at 98.)

-2-

Case 3:13-cv-01343   Document 4   Filed 01/21/14   Page 2 of 5 PageID #: 132

he receives at the prison is tantamount to torture. Plaintiff has filed numerous lawsuits relating to his dietary issues, but the Court nonetheless finds that Plaintiff's allegations in this suit support his claim of imminent danger of serious physical injury.

Plaintiff's motion to proceed *in forma pauperis* (Docket Entry No. 2) is therefore **GRANTED**.

However, under § 1915(b), Plaintiff nonetheless remains responsible for paying the full filing fee. In accordance with the PLRA, Plaintiff is hereby assessed the full $350 filing fee, to be paid as follows:

(1) The custodian of Plaintiff's inmate trust fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of – (a) the average monthly deposits to Plaintiff's account; or (b) the average monthly balance in Plaintiff's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust fund officer must withdraw from Plaintiff's account and pay to the Clerk of this Court monthly payments equal to 20% of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire $350 filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this Court as required by this order, he must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this order and submit it to the Clerk along with the payment. All submissions to the court must clearly identify Plaintiff's name and the case

-3-

Case 3:13-cv-01343   Document 4   Filed 01/21/14   Page 3 of 5 PageID #: 133

number as indicated on the first page of this order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** send a copy of this order to the Warden of the Arizona State Prison to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian of his inmate trust fund account **MUST** ensure that a copy of this order follows Plaintiff to his new place of confinement for continued compliance with this order.

Having granted the application to proceed as a pauper, the Court would ordinarily conduct an initial review of Plaintiff's complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A. In this case, however, an initial perusal of the complaint reveals that it was filed in the wrong venue.

Plaintiff is housed at the Arizona State Prison ("ASP") in Tucson, Arizona. Although one of the defendants named in the complaint, Corizon Health Inc., has its principle place of business in Tennessee, the claims in the complaint are based upon the conditions of Plaintiff's confinement while he has been detained at the ASP. The defendants named in the complaint other than Corizon have no connection whatsoever to the state of Tennessee.

Plaintiff's complaint is brought under 42 U.S.C. § 1985 and various other federal statutes, and therefore invokes federal-question jurisdiction. Venue in this federal-question case is not appropriate under 28 U.S.C. § 1391(b)(1), which provides that venue lies in the "judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located," because only one defendant is alleged to reside in Tennessee. Under § 1391(b)(2), venue is appropriate in a district "in which a substantial part of the events or omissions giving

rise to the claim occurred." In other words, venue is appropriate only in the state of Arizona.

Accordingly, **IT IS ORDERED** that this case be **TRANSFERRED to the United States District Court for the District of Arizona, Tucson Division**, pursuant to 28 U.S.C. § 1406(a). It is again noted that this Court has not reviewed the plaintiff's complaint under 28 U.S.C. § 1915(e)(2) or § 1915A.

It is so **ORDERED**.

This the 21st day of January, 2014.

William J. Haynes, Jr.
Chief Judge
United States District Court